UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE MANITOWOC COMPANY, INC.,

      Plaintiff,

v.                              Case No.  8:15-cv-559-T-33MAP

CRAIG REUTHER,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion to Change Venue (Doc. # 33), filed on April 13, 2015. For the reasons that follow, the Court grants the Motion.

**Discussion**

Plaintiff the Manitowoc Company initiated this action on March 13, 2015. (Doc. # 1). "While attempting to serve the Verified Complaint on [Defendant Craig Reuther], Manitowoc learned that Reuther no longer lived [in Florida] and hired an investigator to locate Reuther's new address." (Doc. # 33 at 2). On March 20, 2015, the Verified Complaint was served on Reuther's wife at a Florida address. (Id.). "Shortly thereafter, counsel for Reuther contacted Manitowoc's counsel and informed him that Reuther moved to Illinois and resides

within the Northern District of Illinois, and that his home in Florida is in the process of being sold." (Id.).

The parties filed the present Motion requesting that this Court transfer this action to the Northern District of Illinois, Eastern Division. (See Doc. # 33). Pursuant to 28 U.S.C. § 1404(a):

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

In Sterling v. Provident Life and Accident Insurance Co., 519 F. Supp. 2d 1195, 2006 U.S. Dist. LEXIS 96369, at *15-16 (M.D. Fla. June 19, 2007), the court explained, "When considering a motion to transfer venue, the Middle District of Florida has stated that the following seven (7) factors must be considered: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." Id.

Here, the parties submit that transfer is appropriate as Reuther no longer resides in the Middle District of Florida, and as a result, no party is located within the Middle District of Florida. (Doc. # 33 at 3). Furthermore, the parties contend that the Northern District of Illinois is a more a convenient venue as (1) potential evidence is located in the Northern District of Illinois and (2) the Northern District of Illinois is "considerably closer to Manitowoc," which is located in Wisconsin. (Id.).

In addition, the parties suggest that "[i]n the event that venue is not transferred [the parties] would likely incur substantial expenses not only on the part of themselves individually, but also for the costs of their respective attorneys, who are located in Chicago, Illinois, and Waukesha, Wisconsin by keeping this action in the Middle District of Florida." (Id.). Finally, the parties agree that "since Reuther moved to a residence located within the Northern District of Illinois, [this action] could have been brought in the Northern District of Illinois." (Id. at 4).

The Court has considered the aforementioned factors and has carefully evaluated the parties' arguments. Upon doing so, the Court finds transfer to the United States District Court for the Northern District of Illinois is proper under the

circumstances. The parties have demonstrated that each party has sufficient contacts with the Northern District of Illinois and that transfer would result in convenience for both parties as well as any possible witnesses.  Furthermore, this case is in its infancy, and as a result, transfer to the Northern District of Illinois, at this time, would not cause delay of these proceedings. Thus, for the reasons set forth above, the parties' Motion is granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The parties' Joint Motion to Change Venue (Doc. # 33) is **GRANTED** to the extent that the Court transfers this case to the United States District Court for the Northern District of Illinois, Eastern Division.

(2)  The Clerk is directed to effect transfer as outlined above and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of April, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

-4-